## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Graham Hill, being duly sworn on oath, depose and state that I have been employed as a Special Agent with the Federal Bureau of Investigation since October 27, 2019, and I am currently assigned to the West Tennessee Violent Crimes Task Force.

## AGENT BACKGROUND

1.      I am a Special Agent with the Federal Bureau of Investigation and have been since October 27, 2019.  I have completed the FBI Basic Field Training Course to include specific training in how to conduct investigations. I have also completed the twelve-week Uniformed Police Basic Training Program at the Federal Law Enforcement Training Center in Artesia, New Mexico. In addition to training received at the FBI Academy and the Federal Law Enforcement Training Center I am also a graduate of the United States Capitol Police Academy and the Jefferson County Sheriff's Office Training Academy in Alabama. I have been in law enforcement since May of 2011 and have been involved with numerous investigations, arrests, and search warrants. I am statutorily charged with investigating violations of Federal laws, to include Bank Robbery, Interference with Commerce by Threats of Violence (Hobbs Act), the Fugitive Felon Act, Kidnapping, and other violent crime matters.

2.      I am an investigative or law enforcement officer of the United States within the meaning of section 2510(7) Title 18, United States Code, and am empowered by law to conduct investigations and make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officials and witnesses.  This

affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  Based on the facts set forth in this affidavit, there is probable cause to believe that Trenton ABSTON (ABSTON) committed violations of **18 U.S.C. § 2261A(2)B - Cyberstalking.**

## <u>STATEMENT OF PROBABLE CAUSE</u>

3.      On June 15, 2025, at 9:30 pm, Memphis Police responded to a suspicious person at an address near River Oaks Drive and Garden Oak Cove, Memphis, Tennessee (Memphis Police Report #2506025738ME). Officers met with Homeowner's Association President John Toohig, who reported that an unknown male was captured on video surveillance inside of the gated neighborhood. The male had climbed over the 8'-10' wall north of the guard house, entering the private property. The neighborhood is private and utilizes a large wall on the exterior of the property, a gated drive for entry, a guard house at the drive entrance/exit, security, and video surveillance.

4.      The male walked down private streets and approached City of Memphis Mayor Paul Young's (Mayor Young) address in the 5800 block of Garden River Cove, Memphis, Tennessee. The male knocked on the door and Mayor Young looked at his Ring doorbell video and observed the unknown male wearing a hoodie and gloves standing at his door with a lumpy bulge in his hoodie pocket. Mayor Young reported that he did not know the male and that the male's presence at his door at a late hour wearing a hoodie and gloves put Mayor Young, his wife, and children in fear for their safety. When no one answered the door, the male fled the scene. The male's face was clearly captured in the surveillance footage.

5.      On June 17, 2025, Memphis Police Investigators utilized law enforcement databases and developed ABSTON as a person of interest. Memphis Police Detective Merrell

spoke with ABSTON's work manager, Robert Hull. Police showed Hull a photo of the male from video on the night of the incident. Hull positively identified the male as ABSTON, an employee who he has known and managed for two years.

6.      During the follow-up investigation, investigators discovered that ABSTON's registered vehicle, a Hyundai Santa Fe (TN Tag: BQN5684), was captured by video systems in the immediate area of Mayor Young's residence on multiple occasions between May 2025 and June 2025, including the night of the incident.

7.      Memphis Police Officers went to 2650 Thousand Oaks Boulevard in an attempt to locate ABSTON at his place of employment. Memphis Police Officers detained ABSTON without incident.  ABSTON provided written consent to Memphis Police Investigators to search his Hyundai Santa Fe which was in the parking lot at the location. Officers found a hoodie which matched the one seen in surveillance footage at Mayor Young's residence. Officers also found a pair of gloves which matched the ones seen on surveillance footage of the incident. Also inside of the vehicle was a taser, a roll of duct tape, and a white rope.

8.      ABSTON was transported to the Memphis Police Department's Appling Farms General Investigations Bureau (GIB) for further investigation.  ABSTON waived his Miranda Rights and provided a statement to investigators. During ABSTON's statement, He admitted to researching Mayor Young's address using his cellphone and driving by the address to verify that it was Mayor Young's "current" residence. He admitted to waiting until Sunday evening to go to the residence to confront Mayor Young about crime in the city of Memphis and stated that he was angry at Mayor Young and was armed with a taser when he went to the residence. ABSTON stated he used his cellphone while in the neighborhood to navigate the streets and directions to the home. Video surveillance showed ABSTON using a cell phone during the incident. When

ABSTON was taken into custody on Thousand Oaks Dr, his cellphone was on his person, and it was confiscated as part of the investigation by Memphis Police Investigators.

9.    After a forensic review by way of a state search warrant on ABSTON's cellphone, law enforcement found ABSTON had written a "list" in April 2025, and modified the list in May 2025, in the cellphones Notes App. The "list" contained the names of numerous elected city officials including Mayor Young. Based on the aforementioned information, the "list" may be potential targets of violence.

10.    Memphis Police Investigators obtained a subpoena for Pyramid Financial, which, as the financing company for ABSTON's vehicle, maintained geographic location data on the vehicle. Pyramid Financials records showed that ABSTON's 2007 Hyundai Santa Fe was located in the immediate area of the River Oaks Drive and Garden Oak Cove neighborhood at 8:25 p.m. through 9:44 p.m. on June 15, 2025.

11.    18 U.S.C. § 2261A(2)B reads that whoever—

with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that…causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A), shall be punished as provided in section 2261(b) or section 2261B, as the case may be.

12.    ABSTON had the intent and took substantial steps to harass and intimidate Mayor Young and his family. ABSTON expressed motivation and anger toward Mayor Young, made multiple visits to Mayor Young's neighborhood or home, admitted to making recent purchases and possessing rope and duct tape, climbed a wall surrounding the victim's private gated neighborhood at night, approached the residence armed with a taser, and knocked on the victim's

door while wearing a hoodie and gloves. These actions had the intended effect, causing substantial emotional distress to Mayor Young and his family.

13.    ABSTON repeatedly used his vehicle and his cell phone to further his stalking of Mayor Young, and the Sixth Circuit "has held repeatedly and unambiguously that cars and phones are instrumentalities of interstate commerce." *United States v. Windham*, 53 F.4th 1006, 1012–13 (6th Cir. 2022).

14.    Based on the aforementioned facts there is probable cause to believe **Trenton ABSTON** committed the crime of cyberstalking in violation of **18 U.S.C. § 2261A(2)B**.

## CONCLUSION

15.    Based on my investigation, I believe that there is probable cause to believe that Trenton ABSTON committed the criminal violations as set forth in this criminal complaint and respectfully request that the Court issue an arrest warrant.

Respectfully Submitted,

Graham Hill
Special Agent
Federal Bureau of Investigation

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Subscribed and sworn to before me on the 19th, day of June, 2025.

/s/ Charmiane G. Claxton
11:11 PM, Jun 19, 2025

HON. CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF TENNESSEE